UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21cv23784

FLOR ROJAS,

    Plaintiff,

vs.

CAFE 5600, LLC D/B/A CAFÉ BERNIE
AND BERNARD H. MATZ,

    Defendants.
_____/

## **COMPLAINT**

Plaintiff, Flor Rojas, sues Defendants, Cafe 5600, LLC d/b/a Café Bernie and Bernard H. Matz, as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Flor Rojas**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.     **Defendant, Cafe 5600, LLC,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business as **Café Bernie.**

3.     **Defendant, Bernard H. Matz,** was at all times material an owner/officer/director/manager of the corporate Defendant, for the time period relevant to this lawsuit. He ran its day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages.

1

4. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related Florida state law claims.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in this District, and because most if not all of the operational decisions were made in this District.

6. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

7. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff, Flor Rojas, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

8. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

9. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

10. In particular, Defendants have been at all times material an enterprise engaged in interstate commerce in the course of its receipt, preparation, cooking, service, and sale of foodstuffs,

produce, meats, beverages, liquor, beer, and products that have moved through interstate commerce prior to their receipt of same.

11. Defendants cooked, prepared, and stored these foodstuffs, perishables, liquor and beverages while using machinery, appliances, refrigeration goods and materials that also have moved through interstate commerce.

12. Furthermore, Defendants regularly and routinely obtained, exchanged, and sent/received funds to and from outside of the State of Florida, used telephonic transmissions going outside of the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

13. Defendants also engage in e-commerce through the internet on their website, www.cafebernie.com, which they registered through GoDaddy LLC (a foreign corporation).

14. Defendants engage in interstate commerce in connection with their e-commerce transactions utilizing https://cheqout.com/, a foreign corporation used to process and take payment for takeout orders, and through OpenTable, another foreign corporation used to make reservations online, both of which require the regular and recurrent submission of electronic information to/from the State of Florida.

15. Defendant's corporate annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or exceeded $125,000.00 for each relevant fiscal quarter.

16. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

17. Plaintiff was a non-exempt employee of Defendants.

18. Plaintiff consents to participate in this lawsuit.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

19. In particular, Defendants own and operate a restaurant / café by on Collins Avenue while selling coffee, wine, and beverages that were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce.

20. Plaintiff worked for Defendants as a "cook".

21. Plaintiff worked for Defendants, Cafe 5600, LLC d/b/a Café Bernie and Bernard H. Matz, from approximately the third week of April 2021 to August 22, 2021.

22. Defendants initially agreed to pay Plaintiff at a rate of $500 per week, but then changed to paying Plaintiff at a rate of $15/hour in approximately July 2021.

23. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendants.

24. During her first three or so months of work, Plaintiff worked from 9:00 a.m. until 12:30 a.m. or 1:00 a.m. for six days each week (from Tuesday to Sunday).

25. Thereafter, Plaintiff routinely worked from approximately 4:00 p.m. until 10:00 p.m. or 11:00 p.m., for the same six days each week (from Tuesday to Sunday).

26. Defendants failed and refused to pay Plaintiff even a minimum wage of $7.25 per hour for each of the hours that she worked by <u>failing to timely pay her</u> at least the federal minimum wage for the hours that she worked ($500 ÷ 74 hours = $6.75/hour) each week from when she started working until approximately July 2021 (when Defendants started to pay her hourly at $15/hour).

27. Defendants then failed and refused to pay Plaintiff even a minimum wage of $7.25 per hour for each of the hours that she worked by <u>failing to timely pay her at all</u> for the hours that

4

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

she worked for Defendants during her last week of work from approximately August 16, 2021 to August 22, 2021.

28. As a direct and proximate result of Defendants' violations of the FLSA, as set forth above, Plaintiff is entitled to payment of the applicable minimum wage for all unpaid/unpaid hours worked.

29. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff at least a minimum wage for the hours Plaintiff worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay at least the minimum wage, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the minimum wage pay earned.

30. Plaintiff is entitled to a backpay award of all unpaid/underpaid minimum wages for the hours worked, plus an equal amount as a liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Flor Rojas, demands the entry of a judgment in her favor and against Defendants, Cafe 5600, LLC d/b/a Café Bernie and Bernard H. Matz, jointly and severally, after trial by jury and as follows:

    a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

    c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff recover all interest allowed by law;

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

  e. That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

  f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

  g. Such other and further relief as the Court deems just and proper.

## COUNT II - FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Flor Rojas, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

31. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

32. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

33. In particular, Defendants have been at all times material an enterprise engaged in interstate commerce in the course of its receipt, preparation, cooking, service, and sale of foodstuffs, produce, meats, beverages, liquor, beer, and products that have moved through interstate commerce prior to their receipt of same.

34. Defendants cooked, prepared, and stored these foodstuffs, perishables, liquor and beverages while using machinery, appliances, refrigeration goods and materials that also have moved through interstate commerce.

35. Furthermore, Defendants regularly and routinely obtained, exchanged, and

sent/received funds to and from outside of the State of Florida, used telephonic transmissions going outside of the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

36. Defendants also engage in e-commerce through the internet on their website, www.cafebernie.com, which they registered through GoDaddy LLC (a foreign corporation).

37. Defendants engage in interstate commerce in connection with their e-commerce transactions utilizing https://cheqout.com/, a foreign corporation used to process and take payment for takeout orders, and through OpenTable, another foreign corporation used to make reservations online, both of which require the regular and recurrent submission of electronic information to/from the State of Florida.

38. Defendant's corporate annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or exceeded $125,000.00 for each relevant fiscal quarter.

39. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

40. Plaintiff was a non-exempt employee of Defendants.

41. Plaintiff consents to participate in this lawsuit.

42. In particular, Defendants own and operate a restaurant / café by on Collins Avenue while selling coffee, wine, and beverages that were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce.

43. Plaintiff worked for Defendants as a "cook".

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

44. Plaintiff worked for Defendants, Cafe 5600, LLC d/b/a Café Bernie and Bernard H. Matz, from approximately the third week of April 2021 to August 22, 2021.

45. Defendants initially agreed to pay Plaintiff at a rate of $500 per week, but then changed to paying Plaintiff at a rate of $15/hour in approximately July 2021.

46. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendants.

47. During her first three or so months of work, Plaintiff worked from 9:00 a.m. until 12:30 a.m. or 1:00 a.m. for six days each week (from Tuesday to Sunday).

48. Thereafter, Plaintiff routinely worked from approximately 4:00 p.m. until 10:00 p.m. or 11:00 p.m., for the same six days each week (from Tuesday to Sunday).

49. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

50. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times of Plaintiff's regular hourly rate(s) of pay (of at least the applicable Florida minimum wage of $8.65/hour) for each of the hours she worked beyond 40 hours in a given workweek.

51. As a direct and proximate result of Defendants' violations of the FLSA, as set forth above, Plaintiff is entitled to payment of the overtime wages that she earned but did not receive for each of the hours she worked beyond 40 in a workweek.

52. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

53. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Flor Rojas, demands the entry of a judgment in Plaintiff's favor and against Defendants, Cafe 5600, LLC d/b/a Café Bernie and Bernard H. Matz, jointly and severally after trial by jury, and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

### COUNT III – BREACH OF CONTRACT
### (Against Defendant, Cafe 5600, LLC)

Plaintiff, Flor Rojas, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

54. Through this claim, Plaintiff seeks recover of the "pure gap time" wages that she worked and earned, but did not receive.[1] *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield*, Va., 95 F.3d 1263, 1280 (4th Cir. 1996).)

55. Plaintiff and Defendant, Cafe 5600, LLC, agreed that in exchange for Plaintiff expending time and effort on their behalf, they would compensate her at a rate of $15.00 for each hour that Plaintiff worked.

56. Plaintiff performed under the parties' contract/agreement by performing work for Defendant, as aforesaid.

57. Defendant, Cafe 5600, LLC, however, failed and refused to perform its obligation to timely pay Plaintiff at the rate of $15.00 for each of hour work performed for Defendant from during her last week of work from approximately August 16, 2021 to August 22, 2021.

58. Plaintiff has been damaged as a result of this Defendant's failure to pay for the work performed during her last week of work from approximately August 16, 2021 to August 22, 2021 in a timely manner.

WHEREFORE Plaintiff, Flor Rojas, demands the entry of a judgment in her favor and against Defendant, Cafe 5600, LLC, after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter

---

[1] *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

### COUNT IV – UNJUST ENRICHMENT
### (Against Defendant, Cafe 5600, LLC)

Plaintiff, Flor Rojas, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

59. Through this claim, Plaintiff seeks recover of the "pure gap time" wages that she worked and earned, but did not receive.[2] *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); Botting v. Goldstein, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield, Va.*, 95 F.3d 1263, 1280 (4th Cir. 1996).)

60. Plaintiff provided labor and services for Defendant, Cafe 5600, LLC, and it received and accepted the benefits of the labor and services supplied by Plaintiff.

61. Plaintiff expected to be paid a reasonable value for the labor and services provided to this Defendant.

62. Plaintiff provided services on behalf of Defendant, Cafe 5600, LLC, for its business, as requested, and it received and accepted the benefits of the work, efforts, and labor that Plaintiff provided.

63. Defendant, Cafe 5600, LLC, was unjustly enriched in that it failed and refused to make payment to Plaintiff for the benefits conferred upon it from during her last week of work

---

[2] *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

11

from approximately August 16, 2021 to August 22, 2021.

WHEREFORE Plaintiff, Flor Rojas, demands the entry of a judgment in her favor and against Defendant, Cafe 5600, LLC, after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Flor Rojas, demands a trial by jury of all issues so triable.

Respectfully submitted this 27th day of October 2021,

>s/Brian H. Pollock, Esq.
>Brian H. Pollock, Esq.
>Fla. Bar No. 174742
>brian@fairlawattorney.com
>FAIRLAW FIRM
>135 San Lorenzo Avenue
>Suite 770
>Coral Gables, FL 33146
>Tel:   305.230.4884
>*Counsel for Plaintiff*